NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0061n.06

No. 24-5160

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="2"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>    Plaintiff-Appellee,</td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td></td><td>)</td><td>STATES DISTRICT COURT FOR</td></tr>
<tr><td>v.</td><td>)</td><td>THE EASTERN DISTRICT OF</td></tr>
<tr><td></td><td>)</td><td>KENTUCKY</td></tr>
<tr><td>FLOYD T. ADAMS,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>    Defendant-Appellant.</td><td>)</td><td>OPINION</td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

**FILED**
Feb 03, 2025
KELLY L. STEPHENS, Clerk

Before: MURPHY, DAVIS, and BLOOMEKATZ, Circuit Judges.

MURPHY, Circuit Judge. Floyd Adams received a within-guidelines sentence of 240 months' imprisonment for receiving child pornography. On appeal, he challenges this sentence as substantively unreasonable. But the district court chose a reasonable sentence when measured against the sentencing factors in 18 U.S.C. § 3553(a). We thus affirm.

In December 2021, Adams began to communicate through social media with a person whom he believed to be an 11-year-old girl. After their conversations turned sexual, Adams and the girl agreed to meet at a movie theater in Somerset, Kentucky. As it turns out, however, Adams had been conversing with a fake social-media account set up by a private organization designed to uncover child predators. Members of this organization confronted Adams at the theater and called the Kentucky police. After interviewing Adams, the police seized several of his electronic devices. Those devices contained hundreds of images of child pornography.

The federal government brought a four-count indictment against Adams. He pleaded guilty to a single count of receiving child pornography in exchange for the dismissal of the remaining counts. *See* 18 U.S.C. § 2252(a)(2). At sentencing, the district court calculated Adams's guidelines range as 262 to 327 months' imprisonment. But his offense triggered a statutory maximum of 20 years (or 240 months). *See id.* § 2252(b)(1). So this statutory maximum became Adams's guidelines sentence. After balancing the sentencing factors in 18 U.S.C. § 3553(a), the court imposed this 240-month prison term.

Adams now argues that his sentence is substantively unreasonable. In other words, he says that his sentence is "too long" when measured against the § 3553(a) factors. *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). This type of challenge is not easy. Adams must show that the district court abused its significant discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We must "give due deference" to that court's conclusion about the proper balance of the § 3553(a) factors. *Id.* And we must presume that the court acted reasonably given that it chose to impose a guidelines sentence. *See United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc).

Adams has not rebutted that presumption. The district court reasonably chose its 240-month sentence under the § 3553(a) factors. Of most note, the court found it "hard to overstate the seriousness of the offense." Sent. Tr., R.78, PageID 247; *see* 18 U.S.C. § 3553(a)(1), (2)(A). Adams did not simply possess child pornography. Rather, he had "explicit discussions" with a person whom he thought was an 11-year-old girl and tried to "ease her" into a sexual relationship. Sent. Tr., R.78, PageID 247–48. The child pornography that the police found on Adams's devices also included pictures of a toddler and sexual abuse. *Id.*, PageID 249. Next, when discussing the need for "just punishment" and to "promote respect for law," the court highlighted that Adams did

not commit a "victimless crime" because the children in these images often suffer severe emotional harm. *Id.*, PageID 249–50; 18 U.S.C. § 3553(a)(2)(A). And the court accounted for the need to "avoid unwarranted sentencing disparities" by identifying statistics suggesting that the "average sentence" for defendants like Adams was 232 months. Sent. Tr., R.78, PageID 250–51; 18 U.S.C. § 3553(a)(4)(A), (6). In the end, though, the court explained that the "need to protect the public" and to "deter" Adams drove its choice of the proper punishment due to his "predatory" behavior. Sent. Tr., R.78, PageID 250; 18 U.S.C. § 3553(a)(2)(B)–(C).

Adams responds that the court's sentence is excessive when accounting for his "history and characteristics[.]" Appellant's Br. 7; 18 U.S.C. § 3553(a)(1). He had no criminal history other than minor traffic infractions. In addition, he lacked any relationship with his father as a child and now has a good relationship with his wife and mother. Doctors also recently diagnosed him with Parkinson's disease. But the district court considered these "mitigating" factors when discussing Adams's background. Sent. Tr., R.78, PageID 245–47, 251. And appellate review of a district court's sentence does not permit us merely to "rebalance the § 3553(a) factors" and pick the sentence we would prefer. *United States v. Holt*, 116 F.4th 599, 617 (6th Cir. 2024) (citation omitted). We may ensure only that the court acted reasonably. *See id.* at 616–17. That standard forecloses relief because the court reasonably found that the mitigating factors did not outweigh the "extremely aggravating" ones. Sent. Tr., R.78, PageID 251.

We affirm.

3